UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANASTASIOS P. KOLOKOURIS,

    Defendant.

REPORT & RECOMMENDATION

12-CR-6015G

---

By Order of Hon. Charles J. Siragusa, United States District Judge, dated February 2, 2012, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).[1]

Defendant Anastasios Kolokouris filed motions seeking various forms of relief. (Docket ## 13, 18, 20, 23, 36, 42, 52, 55, 62, 68, 70, 75, 93). On August 14, 2015, this Court issued a report and recommendation to the District Court recommending, among other things, that the District Court deny Kolokouris's motion to suppress tangible evidence seized from 920 Exchange Street, with the exception of the Home Depot receipts and any other evidence seized from inside furniture located at 920 Exchange Street, as to which this Court scheduled a further evidentiary hearing for October 1, 2015. During the proceedings on October 1, 2015, the government represented that it would not seek to introduce in its case-in-chief the Home Depot receipt, a dust mask box, respirator filter instructions, photographs depicting such items or any

---

[1] The case was subsequently reassigned to Chief United States District Judge Frank P. Geraci, Jr. (Docket # 38).

fruits derived from such items.[2] Based upon this representation, the parties agreed that the motion seeking to suppress those items was moot. Accordingly, I recommend that the District Court deny Kolokouris's motion to suppress the Home Depot receipt, a dust mask box, respirator filter instructions, photographs depicting such items or any fruits derived from such items. (Docket # 36).

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
October 1, 2015

---

[2] The government reserved its right to seek to introduce other photographs taken during the execution of the search.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                                *Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       October  1  , 2015

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).