UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                                                                     Case #12-CR-6015-FPG-MWP

v.

                                                                      DECISION & ORDER

ANASTASIOS P. KOLOKOURIS,

                               Defendant.
_____

Under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, a defendant is entitled to have the charges against him dismissed if he is not brought to trial within 70 days of arraignment. Section 3161(h)(1)(H), however, permits the exclusion of 30 days from this 70-day clock once a motion is taken "under advisement" by the Court. A motion is taken under advisement "once the court has everything it expects from the parties prior to making its decision." *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983); *United States v. Bufalino*, 683 F.2d 639, 642-44 (2d Cir. 1982), *cert. denied*, 459 U.S. 1104 (1983). In this case, the 30-day exclusion began on September 24, 2015, after objections to Magistrate Judge Payson's Report and Recommendation (ECF No. 97) and all responding papers were submitted.

On October 23, 2015, this Court granted itself a continuance to the 30-day exclusion until today, November 9, 2015 (ECF No. 107). The Court said on October 23, 2015 that full consideration of the motions and objections would take time beyond the 30-day advisement period, and further that "it [was] . . . open to . . . [the court] to find that the interest of justice [were] best served by granting a continuance under Section 3161(h)(7) for the excess period." *United States v. Bufalino*, 683 F.2d at 645.

Based upon the Court's current examination of the complicated issues presented by the motions and related objections, and further upon its finding that the interest of justice in a continuance outweighs the Defendant's and the public's interest in a more speedy trial, the Court will grant itself a further brief continuance pursuant to Section 3161(h)(7)(A) until November 13, 2015, for the purpose of rendering a decision.

This Order "puts defense counsel on notice that the speedy trial clock has been stopped," and it ensures a timely determination, "[i]f for any reason counsel believes that . . . [an exclusion] is inappropriate, [of] an objection . . . [timely] raised and [upon] a record made at that time." *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985); *see also United States v. Kiszewski*, 877 F.2d 210, 215 (2d Cir. 1989) (prosecutors are responsible along with the Court in paying attention to *Tunnessen*.)

IT IS SO ORDERED.

Dated: November 9, 2015
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court